TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12308 CAPITOL STATION
AUSTIN TEXAS 78711

**1204-15**

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 10 2015

Abel Acosta, Clerk

BLAKE CARRINGTON GEE

( APPELLANT )

VS

STATE OF TEXAS

( RESPONDENT )

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW
APPELLANT PRO-SE PETITION

COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
CASE NO 12-14-00 229-CR   JULY 22 : 2015

APPEAL FROM THE 241 St DISTRICT COURT
OF SMITH COUNTY TEXAS ( TR. ct. NO 241-1861-

ORAL ARGUMENT NOT
REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS - - - - - - - - - - - - - - - - - 1

IDENTITIES OF PARTYS AND ATTORNEYS - - - - - - - 2

STATEMENT REGARDING ORAL ARGUMENT - - - - - - 2

TITLE    PETITION FOR DISCRETIONARY REVIEW - - - 3,4

INDEX WILL CITE - - - - - - - - - - - - - 3

JURISDICTONAL STATEMENT - - - - - - - - - - 4

STATEMENT OF FACTS - - - - - - - - 4,5

FIRST POINT OF ERROR - - - - - - - - - 6

ARGUMENT AND AUTHORITY - - - - - - - - 7

RELIEF ON FIRST POINT OF ERROR - - - - - - 7

SECOND POINT OF ERROR - - - - - - - 7,8,9

THIRD POINT OF ERROR - - - - - 9,10

FOURTH POINT OF ERROR - - - - 11,12

ARGUMENT AND AUTHORITY - - - 12,13

FIFT POINT OF ERROR - - - 13,14,15

SIXTH POINT OF ERROR - - -

RELIEF - - - - - - - 18

CERTIFICATE OF SERVICE - - - - 19

TWELFTH COURT OF APPEALS OPINION - - - - 21-24

## IDENTITY OF PARTIES AN ATTORNEYS

BLAKE CARRINGTON GEO TDC# 1948254 APPELLANT HUTCHINS STATE JAIL 1500 EAST LANGDON ROAD DALLAS TEXAS 75241

SMITH COUNTY DISTRICT ATTORNEY MICHAEL WEST SMITH COUNTY DISTRICT ATTORNEYS OFFICE 100 N. BROADWAY TYLER TEXAS 75702

SMITH COUNTY DISTRICT CLERK OFFICE SMITH COUNTY COURTHOUSE 100 N BROADWAY TYLER TEXAS 75702

COURT OF APPEALS TWELTH DISTRICT OF TEXAS 1517 WEST FRONT STREET SUITE #354 TYLER TEXAS, ZIP 75702

TEXAS COURT OF CRIMINAL APPEALS P.O. BOX 12308 CAPITOL STATION AUSTIN TEXAS 78711

## STATEMENT REGARDING ORAL ARGUMENT

The APPELLANT WAIVES ORAL ARGUMENT AS THE APPELLANT IS CURRENTLY AN INMATE WITHIN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION

# INDEX OF WORK CITE

**Case**             **PAGEN**

ADAMS V State 353 Sw3d 854 .......... 17

ANders v CALIFORNIA 386 US 738-744, 87 Sct, 1396, 2d 493 (1967) ... 18

ANders Brief .......... 18

ARTicle I section 10 TEXAS CONSTITUTION .......... 13

BELL v Georgia 554 F2d 1360 (5th Cir 1977 .......... 13

Butler v State 716 Sw2d 48 (Tex crim APP 1986) .......... 12

Bynum v state 767 Sw2d 769, 774 (Tex crim APP) .......... 9,10

Byrd v State 336 Sw3d 242 .......... 

Coison v State 438 F2d 1075 (5th Cir 1971 .......... 15

EASTEP v STATE 941 Sw2d 103 (Tex crim APD 1997) .......... 13

ELLis v State 714 Sw2d 465 .......... 10

EX PARTE DUff 607 Sw2d 507 (Tex crim APP 1980) .......... 18

EX PARTE LilLY 656 Sw2d 490 (Tex crim APP 1983 .......... 13

EVITTS V LUCEY 469 US 387, 105, Sct 830 (1985 .......... 13

Fift Amendment United States Contitution .......... 

GulliHAM V State 46 Sw3d 243 .......... 15

Gold v State 763 Sw2d 685 .......... 17

Heiring v Estelle 491 F2d 125 (5th Cir 1977 .......... 17

Mc coy v state 486 US 429, 438, 108 Sct 1895 (1988 .......... 12

New Jersei v APPerinderes .......... 

RenTeria v state 199 Sw3d .......... 10, 16

Sixth Amendment United States Constitution .......... 15

STAefore v state 813 Sw2d 503, 511 (Tex crim APP 1991) .......... 10

STATE V MINON 981 Sw2d 481 (Tex APP 1998) .......... 10

STRickland v Washington 466, US 668, 104 Sct, 2052 (1984 .......... 12

TEXAS Penal code 21.04 .......... 6

TEXAS penal code 32.51 .......... 4,5,6,7,14

TEXAS Penal Code 71.02 .......... 4,6,9,13

TEX Rule Appelant Procedure 38.0 .......... 4

TEXAS Penal code 71.01 (b)(C) .......... 14,15

Zweig v state 74 Texas Crim 306 171 SW 747 758 .......... 9

TEXAS COURT OF CRIMINAL APPEALS
CAPITOL STATION
P.O. BOX 12308 AUSTIN TEXAS 78711

BLAKE CARRINGTON GEE

(APPELLANT) CASE NO 12-00229-CR
TRIAL COURT NO 241-1861-13

VS

STATE OF TEXAS

(Respondent)

---

## PETITION FOR DISCRETIONARY REVIEW
Appellant Pro-se

---

TO THE HONORABLE TEXAS COURT OF CRIMINAL APPEALS

COMES NOW BLAKE CARRINGTON GEE the Appellant IN The Above Stiled And Numbered case Respectfully files this PETITION for Discretionary Review Pursuant to Rule 68.4 OF The Texas Rules OF APPellate Procedure And in support thereof the APPellant would show As follows.

### JURISDICTION

ORiGINAlly the APPellant was Convicted OF A FELONY IN The 241st DISTRICT COURT Of Smith COUNTY Texas And Filed A Timely NOTICE OF APPeal Add Filed a Pro-se APPellant Brief which such Conviction was Affirmed by the Twelfth District APPEAL COURT on 22nd day OF July 2015 As The APPellant Recieved NOTICE on The 15th day OF Augusts 2015

### STATEMENT OF FACTS

ON OR About the 1st DAY OF December 2013 The APPellant was indicted FOR The offense OF ENGAGING IN ORGANIZED CRIMINAL ACTIVITY A violation Of Texas Penal Code Section 71.02 (A)(B) And Although Section 32.51 was Never MENTION IN The indictment IN violation OF NEW Jersey V APPrendiz THE _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

(4)

State sought to increase the punishment pursuant to Texas Penal Code Section 32.51. The state did however allege the appellant as the only defendant in the indictment also without citing the statute alleged in the body of the indictment that the appellant used over 10 items but less than 50 items and no where in the indictment does the indictment allege a conspiracy as defined in Renteria v State ... In prosecuted for engaging in organized criminal activity there must be evidence of an agreement by the participants to act together in a continued course of criminal activity.

The states indictment never alleged that the appellant agreed nor agreed to participants to act together in fact the appellant is the only defendant named in the indictment. The appellant executed plea documents and pleaded guilty to the indicted offense on June 4th 2014 after rejecting a proposed 25 year plea agreement that had been offered by the state. After a (P.S.I) was conducted and finding the appellant had never before been convicted of a felony the presiding judge sentenced the appellant to 30 years confinement within the Texas department of criminal justice institutional division

After the trial attorney filed a notice of appeal the appellant attorney filed an Anders brief and now the appellant has no other alternative but to file his pro-se appellant brief.

(5)

# FIRST POINT OF ERROR

IT is The APPellant's Contention that his (30) year sentence exceeds the Statutory Range Of Punishment For a second degree Felony.

The APPellant Shows that the States Indictment Tracks The Statutory Language Of Texas Penal code Section 71.02 (A) (B) Charging The APPellant With Engaging In Organized Criminal Activity and tied The Indictment Tracks the Statuary Language IN Texas Penal code 32.51 Which bases on the number of Items Section 32.51.

The States Indictment clearly Alledges " Obtain And Possess 10 or More but Less than 50 Items of Identifying Information

## ARGUMENT And AUTHORITY

32.51 Fraudulent use or Possession of Identifying Information

(C) An offense under This section is

(3) A Felony of The Second degree If The number of Items obtained possessed, Transferred or used is 10 or More but Less than 50 or

(4) A Felony of The First degree If The number of Items obtained, possessed, Transferred or used is 50 or More

(C1) An offense described For Purposes Of Punishment by (C-1) And (3) is Increased to The Next higher Category of offense If it is Shown on The Trial of The offense that The offense was committed Against An Elderly Individual As defined by Section 22.04.

The APPellant Shows that it was Not Alledged in The Indictment that the offense was committed Against An Elderly Individual; Nor did the State Any Evidence

(6)

That a crime was committed against an elderly person and that because the items listed were less than 50 then the defendant was guilty of a second degree felony that the punishment for a second degree felony is no less than 2 year and no more than 20 year confinement with in the Texas Department of Criminal Justice Institution Division

The Appellant shows that he was sentenced beyond the maximum statutory range of punishment for a second degree felony and the sentence of (30) years should be null and void

## Relief on First Point of Error

The Appellant shows that he seek as relief that this honorable court would issue an order that would cause the Appellants to be sent back to the Punishment stage of trial. With instruction to the trial courts to sentence the appellant to a sentence that does not exceed (20) years.

## Second Point of Error

It is the Appellants contention that the honorable trial court judge abused its discretion when he improperly admonished the appellant with regards to the range of punishment. Page 19 line 16-19 " THE COURT ALL Right, do you understand the full range of sentence was; not less than five years nor more than 99 years or life and a fine of up to $10,000 dollars? Do you understand that?" The DEFENDANT Yes sir.

The Appellant shows that this admonishment is for a first degree felony pursuant to 32.51 of the Texas Penal code (4) which states A felony of the first

(7)

degree If The number OF ITEMS obtained possessed, transfered OR used is 50 OR MORE.

IT is clear From The states indictment that The indictment states IN ORDINARY AND CONSICE language that The defendant WAS charged with having less than 50 ITEMS AND therefor A second degree FELONY

IT is The APPELLANTS CONTENTION that the COURT was unclear AS To The charge when IT says ON PAGE 21 3-11 The court Are You entering your plea OF GUILTY To The INDICTMENT Today Freely, INTELLIGENTLY Knowingly, AND VOLUNTARILY because You committed This OFFENSE Charged AGAINST You by The State in THE INDICTMENT FOR ENGAGING in ORGANIZED Criminal ACTIVITY" The Defendant Yes Sir. THE COURT Are You entering Your Plea OF GUILTY To This INDICTMENT Today AS A Result OF ANY TYPE OF delusion You Have" The Defendant No Sir.

HERE iT is clear that The COURT was Asking The defendant was he ENTERING A GUILTY Plea To The INDICTMENT AS charged by the State And the APPELLANT Answered IN The AFFIRMATIVE ... Yes Sir

IT is The APPELLANTS CONTENTION that ACCORDING To 32.51 OF The TEXAS PENAL code FRAUDIENT use Or POSSESSION OF Identifing INFORMATION The ONLY difference IN A First Degree And Second Degree FELONY is wether The Number OF ITEMS was OVer 50 or Less than 50 AND /Or weTher or NOT The Crime had been Committed AGAINST AN Elderly Person

The APPELLANT Shows that there was NO MENTION OF AN Elderly PERSON IN the states INDICTMENT NOR IN THE Course of The bench TRIAL Therefor THE Elderly Clause did NOT APPLY.

8

THE APPELLANT RETURNS TO THE FACT that THE ONLY difference IN A Second Degree FELONY AND A FIRST Degree FELONY is THE Amount OF ITems used, wether it was UNDER 50 A second degree FELONY or ▲ OVER 50 ITems A First Degree FELONY.

IT IS Clear From The Transcripts that The COURT Refuses To The INdictment which Actually Charges with under 50 ITems AND therefor A Second degree FELONY. And NOT A FIRST degree FELONY.

IT IS The ~~better~~ APPELLANTS CONTENTION that he had Read The State INdictment ANd he knew That THE INdictment Alledged that he used UNDER 50 ITems AND therefore I regardless To what The Judge said he believed that he was ENtering A Plea TO A Second degree FELONY AND therefor his Plea was INVOLUNTARY.

## THIRD POINT OF ERROR

IT IS The APPELLANTS CONTENTION that NOT ONLY IS THE States INDICTMENT FUNDEMANTLY DEFECTIVE; but IT does NOT Allege AN OFFENSE AND therefore does NOT VEST the DISTRICT COURT WITH JURISDICTION OVER This Case

The INDICTMENT does NOT Sufficiently Allege Fact TO APPRISE THE APPELLANT OF THE Charge As The States INDICTMENT do not Allege IN PLAIN AND INTELLIGIBLE Language, AIL The FACTS AND Circumstances Necessary to establish ALL The MATERIAL Elements of The offense Charged BYNUM V STATE 767 SW2d 769, 779 ( Tex Crim APP 1989) ; ZWEIG V State 74 Tex Crim 306, 171 SW 747, 753( Tex Crim App 1914)

The APPELLANT SHOWS that while ITS True That while THE INDICTMENT IN ITS TITLE States ENGAGING IN ORGANIZED CRIMINAL ACTIVITY IN ViolATION OF ARTICle 71.02 THE IN-

(9)

dictment fails to alledge that the Appellant acted, or conspired with or acted in conjunction with at lease three other persons and thereby failes to alledge an offense, and thereby never invoking the jurisdiction of the District Court.

Both the Sixth Amendment and Article I section 10 of the Texas Constitution, require that a defendant be given notice before trial of the nature and cause of the accusation against him and require further that the notice be given with sufficient clarity and detail to enable the defendant to anticipate the states evidence and prepare a proper defense to it (see) EASTEP v State 941 Sw2d No 130 ; 132 (Tex Crim App 1997) Under Article I, Section 10 the requisite notice must come from the face of the charging instrument. (See) BYNUM v STATE 767 Sw2d 779 (Tex Crim App 1989)

It is the Appellants contention that a essential element of engaging in organized criminal activity as defined in Article 71.02 Texas Penal Code is the actor must either conspire with, participate with or act in conjunction with at lease three other person and that element is necessary to be pleaded in the states indictment. In State v Minor 981 Sw2d 481 (Tex App 1998) 4-6 The court said to be convicted of organized criminal activity one must commit or conspire with at lease three other persons.
In Renteria v State 199 Sw3d 499 The court said in prosecution for engaging in organized criminal activity there must be evidence of an agreement by participants to act together in a continuing course of criminal activity

## FOURTH POINT OF ERROR

IT IS THE APPELLANTS CONTENTION that his TRIAL ATTORNEY OF SAID RECORD was INEFFECTIVE ASSISTANCE OF COUNSEL when Viewing THE TOTALITY OF THE CIRCUMSTANCES IN CONNECTION WITH THIS CASE.

THE APPELLANT FIRST POINTS TO THE FUNDAMENTAL DEFECTIVE INDICTMENT which NOT ONLY FAILES to ALLEGE AN ESSENTIAL ELEMENT OF THE OFFENSE OF ENGAGING IN ORGANIZED CRIMINAL ACTIVITY but FAILS TO INVOKE JURISDICTION TO THE DISTRICT COURT AND THE ATTORNEY OF SAID RECORD NEVER FILED A MOTION TO QUASH STATES INDICTMENT.

THE APPELLANT SHOWS that KEY EVIDENCE was OBTAINED during THE SEARCH OF THE APPELLANTS HOME, AND WITH OR WITH OUT A SEARCH WARRANT the ATTORNEY OF SAID RECORD FAILED to challenge the LEGALITY OF THE ISSUES OF ANY WARRANT, WETTER it WAS FOUNDED ON PROBABLE CAUSE AND HAD the ATTORNEY OF SAID RECORD challenge THE WARRANT there is A high PROBALITY that THE IDENTITY ITEMS would HAVE been SUPPRESSED AND the OUT COME OF THE TRIAL WOULD HAVE been DIFFERENT.

THE APPELLANT SHOWS that his ATTORNEY OF SAID RECORD RENDERED himself INEFFECTIVE ASSISTANCE OF COUNSEL when he FAILED TO challenge THE AFFIRMATIVE LINK OF THE IDENTIFICATION ITEMS TO THE APPELLANT; that ALTHOUGH THESE ITEMS were FOUND IN THE APPELLANTS HOME There had been EVIDENCE IN THE RECORD that NOT ONLY had OTHER LIVED AT THE HOME, but CERTAINLY there was OTHERS that were AT LEAST OVER NIGHT GUEST, AND had ACCESS TO THE PLACE where THE ITEMS were FOUND.

IT IS THE APPELLANTS CONTENTION that HAD his ATTORNEY OF RECORD ATTACKED THIS ISSUE THEN THERE

IS A high Probolity that The Appellant would Not have entered A Plea of Guilty And a high Problity that The Appellant would have insisted On a Trial by Jury And a High Probolity that The outcome of his Trial would have been different

It is The Appellants Contention that his Attorney of Said record Ill Advised him of The Range of Punishment Page 11-12 of The Transcript Line 23-25 Page 12 Line 1-25 As The Attorney of Record Said that the State had offered the Appellant 25 years And The Attorney Painted PANTS A hopeless Picture That the Appellant has No Other Choise but to Enter An open Plea And /or if he doesnt will in All Probility Get A Life sentence or Some where Close to it.

It is the Appellants Contention that had the Attorney of Said Record Conducted his own independent Investigation Then he would have known that because the States Indictment Alledged the Appellant was In Possession of Less than 50 Items of Identity Information then The Case was A 2nd degree Felony with a Punishment Range of 2 to 20 Years

<u>ARGUMENT AND AUTHORITY</u>

In <u>Strickland</u> v <u>Washington</u> 466, US 668, 104 Sct 2052 (1984) And <u>Butler</u> v <u>State</u> 716 Sw2d 48 (Tex crim App 1986) The Attorneys deficient Performance Prejudice the out come of The case.

In <u>Herring</u> v <u>Estelle</u> 491 f2d 125 (5th cir 1974) The court Ruled The Attorney of Said Record was Ineffective Assistance of Counsel because he was Inadequately Prepared for Trial

In <u>Colson</u> v <u>Smith</u> 438 f2d 1075 (5th cir 1971) Defendant wanted to Plea Not guilty, On Day of Trial The Defense Attorney Appeared In Court Completely Unprepared To go to Trial

(12)

IN BELL V GEORGIA 554 F2d 1360 5th Cir 1977; EXPARTE DUFFY 607 Sw2d 507, (Tex Crim App 1980) Attorney was Ineffective For Failure To Investigate All viable defenses Available.

IN EXPARTE LILLY 656 Sw2d 490 (Tex Crim App 1983) counsel was Ineffective where he did not consult with defendant, did not Review Prosecutors File; had Not Conducted An Independant Investigation.

IN The case Now before The court had the defense Attorney conduct his own Independant Investigation, And/or Research the Laws In connection with This case then he would have known that The Indictment Plead A second Degree felony not A First degree Felony, and he would have known that The States Plea offer of 25 Years Exceeded the maximum statuary Range OF Punishment for A second Degree Felony.

## FIFTH POINT OF ERROR

IT IS The APPELLANTS CONTENTION That There is A FATEL VARIANCE IN What The States Indictment Alledged And What The State offered As Proof At The Bench Trial

The APPELLANT Raises two POINTS ON this issue . . . .

(1.) The States Indictment while The Title OF The Indictment charges ENGAGING IN ORGANIZED CRIMINAL ACTIVITY IN Violation OF ARTICLE 71.02 OF The Texas PENAL Code, no where in The Indictment does it Alledge that The APPELLANT conspired with, worked in collaboration with or In conjuction with Any one, One of the Essential Elements of The offense; while At TRIAL The State Attempted TO PUT ON evidence In The sentencing Phase OF the members OF The Group to Support ORGANIZED CRIMINAL ACTIVITY.

13

The APPELLANT alledges that At The close Of The Bench Trial during The Guilt / Innocent Stage Of The Bench Trial The State had come To A Rest and thereby no more evidence could be introduce As This is when The state went back and Reviewed The Transcripts And Then Realized that it had not offered NO Evidence that the APPELLANT had engaged, Conspired PAR- TICIPATED Or worked in conjunction With Two Or more Persons And Therefor The State Then Realized that it had Failed To meet its burden

IN THE PORTION OF THE Change of Plea Proceeding where defense Counsel made An explanation Of Engaging IN ORGANIZED CRIMINAL ACTIVITY That may Not COMPORT TO The Plea Specificity The Attorney Of Record described engaging IN ORGANIZED criminal CRIME AS A "CONSPIRACY" RR Volume I At 23-24 However This was NOT AN Element Pleaded IN THE Indictment.

FURTHERMORE TEXA PENAL CODE Section 71.0(b) was NOT Alleged IN THE States Indictment.

The INDICTMENT Tracks iT's Language From The TEXAS Penal Code 32.51 The FRAUDULENT USE Or Possession OF Identifying INFORMATION, Which because it was Alleged of less than 50 ITEMS Is A second degree Felony carrying A Penalty OF At NO less than 2 Years And NO more Than 20 Years Imprisonment For The Number Of ITEMS Less than 50

The APPELLANT Acknowledges That Pursuant to 71.01 conspiring TO Commit AN Offense Is OF The same degree as The MOST Serious Offense Listed IN Subsection (A) Meaning here A violation Of section 32.51 that A Person Conspired TO Commit Texas Pen Code 71.01(b) SECTION 71.01 IS Odd-ly And Confusingly worded IN SO Far As iT seems TO SAY IN The CONTEXT OF This case, That ONE WHO Conspires WITH OThers TO commit a CONSPIRACY TO Fraud-

ulently use or possess identifying information with 10 to 50 items of identifying information has committed a second degree felony but one who conspires to engage in organized crim but who actually does fraudulently use or possess identifying information as described is guilty of a first degree felony. Texas Penal Code Section 72.01 (b) and (c). The Attorney of Record comments and explanation does not make clear which type of conspiracy to which this is referred never the less no conspiracy was alledged in the indictment and there is a fatal variance in what the states indictment alledges and what the state attempted to prove.

It is well established case law that any allegation that can be used to elevate the charge or the range of punishment must be alledged in the indictment as the United States Supreme Court said in New Jersey vs Apprendees

IN US V Meshack 225 F3d 556 The 5th Amendment protects defendant as ainst being tried on a charge not contained in a Grand Jury indictment USCA CONST Amend 5.

IN US V Allen 941 F2d 139 The 5th Amendment guarantees that a criminal defendant will be tried only on charges alledged in Grand Jury indictment. which can not be broadened or altered except by Grand Jury USCA CONST Amendment 5

IN Byrd V State 336 SW3d 242 Variance occurs whenever there is a discrepancy between the allegation in the indictment and the proof offered at trial

The APPELLANT Reminds THIS Honorable Court To Review The Transcript because At the Guilt / INNOCENCE stage before The State Rested There was NO EVIDENCE OFFICER OF ANY CONSPIRACY. IN RENTERIA v State CONSPIRACY IN PROSECUTION FOR ENGAGING IN ORGANIZED CRIMINAL ACTIVITY There MUST be evidence OF AN Agreement by PARTICIPANTS to ACT TOgether IN A CONTINUING Course OF CRIMINAL ACTIVITY.

ONCE Again The APPELLANT POINTS to The States Indictment which Never Alledges that The APPELLANT ENGAGED NOR ANY EVIDENCE OF AN Agreement by The PARTICIPANTS to ACT Together, Nor was there ANY CO-defendant Named IN The States INdictment.

IT IS THE APPELLANTS CONTENTION that the COURT ABUSED ITS discreation when IT Found the APPELLANT GUILTY OF ENGAGING IN Organized CRIMINAL ACTIVITY when NOT ONLY did The State Fail to Offer ANY EVIDENCE to that effect but The States INdictment FAILED TO Alledge such Claim.

IT IS THE APPELLANT CONTENTION that during The Guilt / INNocent Stage OF The Bench TRIAL NO EVIDENCE was Adduced OF ANY CONSPIRACY ; but only came After The State had Rested

The APPELLANT Acknowledges The Fact that Once he TESTIFIED That he OPENED The door For Rebutal TESTIMONY which THE ONLY value IT served was TO mitigate The PUNISHMENT However the State COULD NOT Legally Put ON evidence of a CONSPIRECY when NOT ONLY had IT NOT been Alledged IN THE INdictment, but had NOT been offered before The State Rested AND before The COURT FOUND THE DEFENDANT GUILTY.

IT IS THE APPELLANTs CONTENTION that dispite his TESTIMONY OF his Alledged PARTICIPATION IN A CONSPICERY, That THIS EVIDENCE COULD NOT be used As Part OF ANY EVIDENCE TO SUPPORT A FINDING OF GUILT PRIOR to The offering

(16)

OF This Evidence. IN Short The Court had Accepted ALL OF The Evidence That led To The Finding of guilt. NONE of That Evidence Supported A conspiracy. And Therefore The State had merely proved That The Appellant had in his Possession more Than 10 but less Than 50 Identifying Information which Really Amounted To A Theft because the States Indictment Never Alleged That Appellant Acted, Participated with; nor Acted in conjunction with Any Group or Two or more persons; therefore NO Engaging in Organized Criminal Activity was ever Alleged

Evidence is legally Sufficient only if The State has Affirmatively Proved EACH OF The Essential Elements of The offense. Gold V State 763 SW2d 685 ADAMS V State 353 SW3d 854 And The States case FAILS SHORT If There is A Material Variance between The Indictment Allegation And The Proof Offered At Trial.

IN Gollihar V State 46 SW3d 243 A Variance occurs when there is A discrepancy between The Allegations in The charging Instrument And The Proof AT Trial. . . . In Variance Situation The State has proved The Defendant guilty of A crime. but has proved its commission IN A MANNer that Varies From The Allegation IN The charging Instrument

IN ELLIS V State 714 SW2d 465 Variance between Allegations Set FORTh IN Indictment And Proof MAY Render evidence Insufficient TO Sustain Conviction

# SIXTH POINT OF ERROR

IT IS THE APPELLANT CONTENTION that he is ENTITLED TO THE EFFECTIVE ASSISTANCE OF COUNSEL PENDING APPEAL

The APPELLANT shows that he was APPOINTED A COURT APPOINTED Attorney PENDING APPEAL AND That Attorney Reviewed The ENTIRETY OF The APPellate Record, IN detail AND he CONCLUDES that during all Phases of the Bench TRIAL AND SENTENCING Proceedings that They were CONDUCTED CORRECTLY AND That he COULD FIND NO ERRORS

The APPELLANT Attorney WENT ON TO File AN <u>ANDERS BRIEF</u>

<u>Anders</u> V CALIFORNIA 386 U.S. 738, 744, 87 SCt 1396, 18 LEd 22 493 ( 1967) The COURTS have said IN <u>McCOY</u> V COURT OF APPEALS 486 U.S 429, 438, 108. S ct 1895 (1988) The THE COUNSEL MUST MASTER THE TRIAL Record, Thoroughly Research The Law And exercise Judgment IN Identifying The Arguments that may be Advanced on APPeal

The APPOINTED APPELLANT Attorney concluded After A CONSCIENTIOUS Review OF The Record that the case is wholly FRIVOLOUS And There After he Requested Permission to withdraw And Filed an Anders BRIEF (see) <u>STAFFORD</u> V State 815 SW2d 503 511 ( Tex Crim App 1991)

THE APPELLANT has now Perfected his own PRO-Se APPEAL Brief And he NOW believes that If he As An UNDEREDUCATED Inmate can bring Forth These issues Then his highly TRAINED Professional Attorney Rendered himself IN effective Assistance of counsel IN <u>EVITTS</u> V <u>LUCEY</u> 469 us 387, 105 Sct 830 (1985)

The defendant is ENTITLED TO Effective Assistance of counsel ON APPeal When The state PROVIDES A First APPeal As A Matter OF Right

# RELIEF

The Appellant seeks as relief that This Honorable Court on The Trial level never had Jurisdiction To entertain the case because the states Indictment Failed To Allege An offense

The Appellant seeks as relief That This Honorable Court would Reverse This Conviction for Insufficient Evidence And Rule that The Appellant can not be Retried due to double Jepordy.

The Appellant seeks that this Honorable court would Rule That The Appellant was sentence beyond the statutory Range of Punishment for a second degree Felony And order the Appellant to be sent back To sentencing within The statutory Range of Punishment And/or Alternatively order The case be Reversed And All Charges be dismissed And That his 30 year sentence be deemed null And void.

WHEREFORE PREMISES CONSIDERED The Appellant Prays That This Honorable court would Order That This case be Reversed And A Judgment of Acquittal be issued.

Respectfully Submitted

Appellant

## CERTIFICATE OF SERVICE

I, BLAKE CARRINGTON GEE DO HEREBY STATE ON THE 3RD day OF SEPTEMBER 2015 A True And Correct COPY of The Appellants PETITION FOR DISCRETIONARY Review was mailed TO The FOLLOWING PARTYS

(1) COPY was mailed TO Smith COUNTY DISTRICT Attorney MICHAEL WEST Smith COUNTY DISTRICT ATTorneys Office 100 N. BroadWAY TYler Texas 75702

(1) COPY was mailed TO The clerk OF The TEXAS COURT OF CRIMINAL Appeals P.O. BOX 12308 CAPITOL Station Austin Texas 78711

(1) COPY was mailed TO The SMITH COUNTY DISTRICT Clerks Office Smith COUNTY CourtHouse 100 N. BROADWAY TYler Texas 75702

Respectfully Submitted

Appellant

(22)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 22, 2015

### NO. 12-14-00229-CR

**BLAKE CARRINGTON GEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1861-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

21

# NO. 12-14-00229-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BLAKE CARRINGTON GEE,* <br> *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Blake Carrington Gee appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief asserting compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

## BACKGROUND

On December 1, 2013, a Smith County grand jury returned an indictment against Appellant for the offense of engaging in organized criminal activity. With no agreement on punishment, Appellant pleaded guilty to the offense. After ordering and receiving the presentence investigation report, the trial court conducted a sentencing hearing in which Appellant called several witnesses, including himself, to testify on his behalf. The State did not call any witnesses. At the conclusion of the hearing, the trial court found Appellant guilty of engaging in organized criminal activity and assessed punishment at thirty years of imprisonment with no fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*, and states that he has diligently reviewed the appellate record. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal. *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *Gainous*, 436 S.W.2d at 138; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) his sentence should not exceed twenty years, (2) the trial court incorrectly admonished him regarding the range of punishment, (3) the indictment was fundamentally defective, (4) he received ineffective assistance of counsel at trial, (5) a fatal variance existed between the indictment and the State's proof at trial, and (6) he received ineffective assistance of counsel on appeal. We have considered counsel's brief, Appellant's pro se brief, and have also conducted our own independent review of the appellate record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we grant his motion for leave to withdraw, and affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See id.* at 408 n.22. Any petition for discretionary review must be filed within thirty days after the date of this opinion or after the date this court overrules the last timely motion for rehearing. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review

must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

Blake Gee #1948254
Hutchins Unit
1500 E Langdon Rd
Dallas, Tx 75241

Texas Court of Appeals
P.O. Box 12308
Austin, Tx 78711
11842 X Tx 78711



